ATCHISON, TOPEKA AND SANTA FE
RAILWAY COMPANY, Plaintiff,

v.

MIDLAND COOPERATIVES, INC.,
Defendant.

Civ. No. 69–136.

United States District Court
W. D. Oklahoma.

Oct. 27, 1969.

Hugh Rice, of Rainey, Flynn, Welch, Wallace, Ross & Cooper, Oklahoma City, for plaintiff.

Stanley D. Campbell, of Campbell & Campbell, Tulsa, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Plaintiff as carrier sues the Defendant as consignor for freight charges on eleven tank car shipments of oil from Cushing, Oklahoma, to West Frankfort, Illinois. The case has been submitted to the Court on a Stipulation of Facts and briefs.

Plaintiff and Defendant entered into a Bill of Lading contract on each of said shipments wherein it was agreed that the Plaintiff, as carrier, shall not make delivery of the shipment to the consignee without the payment of freight and all other lawful charges by the consignee and that a delivery of the shipment to the consignee shall be without recourse on the consignor for the freight charges. That block in the Bill of Lading

contracts which would indicate that the shipments are to be prepaid by the consignor was left blank by the parties in each instance.

Notwithstanding the terms of the Bill of Lading contracts between the parties, the Plaintiff delivered each of the eleven shipments to the consignee who accepted same without Plaintiff collecting the freight charges from the consignee. The controversy herein does not involve the amount of the freight charges as fixed by the tariff rates. In other words, the freight charge involved for each of the eleven shipments is that prescribed by the lawful tariff and no argument is involved in this respect. Rather, the controversy herein involves who is liable to Plaintiff for the freight charges and particularly if Defendant is liable therefor.

Plaintiff points to what is called "A. P. Leland's Official List of Open and Prepay Stations." (List). By this List, West Frankfort, Illinois, is shown as a prepay station. A prepay station is one to which all shipments are to be sent with freight prepaid by the consignor.[1] The A. P. Leland Official list of Open and Prepay Stations obviously is not intended to fix freight rates as to the amount to be charged therefor. Rather, it would seem to be a list for the benefit of the railroads with reference to whether they collect freight prepaid for shipments to certain destinations (and otherwise refuse to accept proffered shipments) or ship freight collect. The parties have stipulated that the Defendant-consignor was not aware that West Frankfort, Illinois had been designated a prepay station by said List. This indicates a failure of the Plaintiff-carrier to notify the Defendant-consignor of said List, as it affected West Frankfort, Illinois. In addition, Plaintiff did not enforce compliance with the List by refusing the shipments to West Frank-

fort, Illinois without prepayment of freight by Defendant-consignor. To the contrary, Plaintiff-carrier ignored the List and entered into a non-recourse agreement with the Defendant-consignor regarding the freight charges if the shipments were delivered to the consignee without payment of freight charges by the consignee. It cannot be argued that the Plaintiff-carrier did not know of such List.

■ The Bill of Lading in this case was a uniform bill of lading. The clauses of the uniform Bill of Lading govern the rights of the parties to an interstate shipment and are prescribed by Congress and the Interstate Commerce Commission in the exercise of the commerce power. They have the force of federal law. Illinois Steel Co. v. Baltimore and Ohio R. Co., 320 U.S. 508 at p. 511, 64 S.Ct. 322, 88 L.Ed. 259 at p. 261 (1943); Northern Pacific Ry. Co. v. Associated General Contractors, 152 F.Supp. 126 (D.C.N.Dak.1957); Atlantic Coast Line R. Co. v. Clinchfield Fuel Co., 94 F. Supp. 992 (W.D.S.Car.1951). "To ascertain what contract was entered into we look primarily to the bills of lading, bearing in mind that the instrument serves both as a receipt and as a contract." Louisville & N. R. Co. v. Central Iron & C. Co., 265 U.S. 59 at p. 67, 44 S.Ct. 441, 68 L.Ed. 900 at p. 903 (1923).

Each Bill of Lading in the case at bar provided as follows:

"Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:

The carrier shall not make delivery of this shipment without payment of freight and all other charges.

E. M.

---

(Signature of Consignor)"

---

[1]. In the case of Bird v. Southern Ry. Co. et al., 99 Tenn. 719, 42 S.W. 451 (1897), a prepay station is defined as "one at which the carrier delivers freight to the consignee directly and without the in-tervention of a local agent, and to which consignments are accepted alone upon the condition that all charges for transportation be prepaid by the shippers." 42 S.W. at p. 453.

Each Bill of Lading (according to Defendant's Answer and not refuted by the Plaintiff) also contained the following language on the reverse side:

"The consignor shall be liable for the freight and all other lawful charges, except that if the consignor stipulates, by signature, in the space provided for that purpose on the face of the bill of lading, that the carrier shall not make delivery without requiring payment of such charges and the carrier, contrary to such stipulation shall make delivery without requiring such payment, the consignor (except as hereinafter provided) shall not be liable for such charges. (No exceptions are applicable to delivery by carrier to consignee)."

Thus, the critical question herein is whether the above provisions of the Bill of Lading contracts between the parties are to prevail or if said List is to have the effect of voiding such provisions of the Bill of Lading contracts between the parties and thereby render both the consignor and the consignee liable for the freight charges.

No case has been presented nor has one been found dealing with this precise point. The closest case is Illinois Steel Co. v. Baltimore & Ohio R. Co., supra, in which the Bill of Lading provided for both prepayment of freight by the consignor and a nonrecourse agreement between the carrier and consignor in case the carrier did not collect the freight charges upon delivery to the consignee. The court concluded in this situation that the consignor was not responsible for any freight charges which it had not prepaid. The effect of this decision was

to give prevalence to the non-recourse provision in the Bill of Lading over the prepaid box in the Bill of Lading.

The case at bar is even factually stronger in favor of the Defendant-consignor not being liable for the freight charges for the parties did not agree in the Bill of Lading contracts for prepayment of freight charges by the consignor.

■■ The Court concludes that the Bill of Lading contracts between the parties should prevail over the List as the Plaintiff-carrier failed or neglected to advise the Defendant-consignor of the said List, then accepted the shipments contrary to the List without prepayment of freight by the Defendant-consignor,[2] then entered into a non-recourse agreement with the Defendant-consignor, then delivered the shipments to the consignee without collection of the freight charges from it.

■ The Congressional intent behind the tariff laws is to prevent rebates and to require all shipments to be made at the same rate. It is not aimed at who shall pay the rate but, rather, at what the rate shall be for all. The parties are free to stipulate who shall pay them. Illinois Steel Co. v. Baltimore & Ohio R. Co., supra, citing Louisville & N. R. Co. v. Central Iron & Coal Co., supra. As to the effect of the non-recourse clause, the rule is stated as follows in Am.Jur.2d:

"The Interstate Commerce Commission has prescribed a provision with reference to uniform domestic bills of lading, whereby the consignor may relieve himself of *all* liability for freight charges. Under this so-called 'non-re-

---

2. In so doing, by its contract for through transportation without prepayment of charges, the Plaintiff-carrier impliedly represented to the Defendant-consignor that West Frankfort, Illinois, to which the goods were destined, was not a prepay station. See Bird v. Southern Ry. Co., et al., supra, wherein the Court, dealing with a similar situation said,

"By its contract for through transportation without prepayment of charges, the initial carrier in the present case impliedly represented to the shippers that George's Creek, to which the trees were destined, was not such a [prepay] station * * *." 42 S.W. 451 at p. 453.

course' provision, a consignor by signing his name thereto may direct the carrier not to deliver the goods to the consignee until the charges are collected, and thereby relieve himself from being compelled to pay any charges where the carrier has delivered the goods to the consignee without collecting the charges as directed. * * * The only liability for freight charges incurred by the consignor after he signs such a non-recourse statement is in the event that the goods are not accepted by the consignee upon delivery." (Emphasis added). 13 Am. Jur.2d § 477 at p. 947.

■■■ Where a bill of lading containing a signed non-recourse clause has been executed and no provision is made for prepayment, the delivery of the consignment to the consignee and his acceptance thereof relieves the consignor of liability for freight charges. Illinois Steel Co. v. Baltimore & Ohio R. Co., supra, 320 U.S. 508, 64 S.Ct. 322, 88 L.Ed. 259 at p. 264, citing Louisville & N. R. Co. v. Central Iron & Coal Co., supra, 265 U.S. 59 at p. 66, note 3, 44 S.Ct. 441, 68 L.Ed. 900 at p. 902; see also Northern Pacific Ry. Co. v. Associated General Contractors, supra, and Reading Co. v. United States, 128 F.Supp. 745 at p. 747, 131 Ct.Cl. 44 (1955). And acceptance of the delivery establishes the liability of the consignee to pay all freight charges. Illinois Steel Co. v. Baltimore & Ohio R. Co., supra, 320 U.S. 508, 64 S.Ct. 322, 88 L.Ed. 259 at p. 264, citing Pittsburgh, C. C. & St. L. R. Co. v. Fink, 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151 (1919). The List in this case has no effect on these legal principles and their application herein.

Plaintiff, therefore, may not prevail herein and judgment should be entered in favor of the Defendant dismissing Plaintiff's cause of action. Counsel for Defendant will submit an appropriate judgment for signature and entry herein.