[No. 5790-1. Division One. September 18, 1978.]

TRANSPORT CLEARING NORTHWEST, *Respondent,* v. BARDAHL MANUFACTURING COMPANY, *Appellant.*

*James T. Johnson,* for appellant.

*Carl A. Jonson, P.S.,* and *Herbert Farber,* for respondent.

RINGOLD, J.—In 1975 Bardahl Manufacturing Co. (Bardahl) shipped goods to various consignees employing the services of four separate carriers. The bills of lading were completed by Bardahl and contained the standard nonrecourse provision which reads:

Subject to Section 7 of conditions of applicable bill of lading:
   If this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:
   The carrier shall not make delivery of this shipment without payment of freight and other lawful charges.

Bardahl signed this statement. The bills of lading also contained the standard prepayment clause which reads: "If charges are to be prepaid, write or stamp here 'to be prepaid'." Bardahl wrote or stamped "prepaid" in the appropriate space but no payment was made at that time.[1]

---

[1]Accepting a shipment marked "prepaid" without demanding payment is, in effect, an extension of credit to the consignor. *Missouri Pac. R.R. v. National Milling Co.,* 276 F. Supp. 367 (D.N.J. 1967).

The carriers assigned their interests in the bills of lading to Transport Clearing Northwest which sued for the $2,452.11 owing. After oral decision in favor of Bardahl, Transport moved for reconsideration, and the motion was granted. Judgment was entered for Transport and Bardahl appeals. We affirm.

■■ Bardahl's primary argument is that execution of the nonrecourse clause absolves the company from any liability for freight charges regardless of whether the prepayment clause is also executed in the same bills of lading.[2] Clauses of the uniform bill of lading govern rights of parties to interstate shipments and are prescribed by Congress and the Interstate Commerce Commission in exercise of the commerce power and have the force of federal law. *Atchison, T. & S.F. Ry. v. Midland Coops., Inc.,* 306 F. Supp. 723 (W.D. Okla. 1969). Where both the nonrecourse and prepayment clauses are executed in the same bill of lading, the proper assumption is that the parties intended both to operate unless the clauses are unavoidably in conflict. *Illinois Steel v. Baltimore & O. R.R.,* 320 U.S. 508, 88 L. Ed. 259, 64 S. Ct. 322 (1944). If inconsistency between two clauses can be reconciled and effect given to both, the contract of the parties should be upheld. *Chicago G.W. Ry. v. Hopkins,* 48 F. Supp. 60 (D. Minn. 1942).

■ The nonrecourse and prepayment clauses are not in irreconcilable conflict. As the Supreme Court noted in *Illinois Steel v. Baltimore & O. R.R.,*[3] *supra* at 515:

It is familiar experience, as in this case, that undercharges may occur which could not be subject to prepayment either because they are not lawful charges on the shipment as tendered and billed, or because they depend upon events occurring after the transportation has been

---

[2]The language of the clauses at issue is prescribed by the Interstate Commerce Commission and is utilized on the uniform bill of lading.

[3]In *Illinois Steel v. Baltimore & O. R.R.,* 320 U.S. 508, 88 L. Ed. 259, 64 S. Ct. 322 (1944), the shipper sought to avoid additional charges whereas in this case Bardahl seeks to avoid all charges. The reasoning is wholly applicable to both cases.

completed. In either case we conclude that the reasonable construction of the prepayment clause is that, with respect to these charges, it did not, either by its design or by the intention of the parties, curtail the operation of the non–recourse clause, so as to deprive petitioner, the consignor, of the immunity from liability for which it was entitled to stipulate by the non–recourse clause.

■ Moreover, a bill of lading is a contract between the shipper–consignor and the carrier. *Arizona Feeds v. Southern Pac. Transp. Co.*, 21 Ariz. App. 346, 519 P.2d 199 (1974). It must be construed and interpreted under the same general rules which apply to contracts between individuals. *United States v. S.S. Claiborne*, 252 F. Supp. 897 (D. Ala. 1966). If a contract is ambiguous, doubt created by the ambiguity will be resolved against the party who prepared the contract. *Felton v. Menan Starch Co.*, 66 Wn.2d 792, 405 P.2d 585 (1965); *Underwood v. Sterner*, 63 Wn.2d 360, 387 P.2d 366 (1963). Therefore, even if we were to find that the nonrecourse and prepayment clauses could not be construed consistently together, any ambiguity thereby created must be construed against Bardahl who, in effect, drafted the bills of lading at issue.

Judgment affirmed.

JAMES and WILLIAMS, JJ., concur.