**CIRCLE AIRFREIGHT, Plaintiff and Respondent,**

v.

**BOYCE EQUIPMENT, Defendant and Appellant.**

No. 860148–CA.

Court of Appeals of Utah.

Nov. 3, 1987.

David S. Cook, Bountiful, for defendant and appellant.

John R. Nelson, Roger E. Segal, Cohne, Rappaport & Segal, P.C., Salt Lake City, for plaintiff and respondent.

Before GREENWOOD, JACKSON and BILLINGS, JJ.

MEMORANDUM DECISION

JACKSON, Judge:

Appellant Boyce Equipment seeks reversal of a judgment awarding respondent money due for airfreight services rendered. We affirm.

On August 9, 1982, Boyce Equipment contracted with Circle Airfreight for prepaid freight delivery of machine parts described on a written Shipper's Letter of Instruction, signed on appellant's behalf by Mark Boyce after appellant's employee had marked the "prepaid" box. Upon receipt of the cargo, respondent's freight agent prepared an air waybill, copies of which were sent to appellant several weeks later. Circle Airfreight had the freight delivered to Conakry, Guinea, to a consignee who had purchased the parts from Boyce Equipment's California customer; total freight charges were $5,357.74. Boyce Equipment refused to pay these charges when billed, and this action ensued.

Based on findings and conclusions reached after a bench trial, judgment was entered in Circle Airfreight's favor for $5,357.74. Prejudgment interest was awarded from October 15, 1982, the date the court determined payment for the freight charges was due. On appeal, Boyce Equipment challenges the court's finding that the parties intended these freight charges to be paid by Boyce Equipment, arguing instead that the parties' agreement contemplated payment by Boyce Equipment's customer who had purchased the machine parts and requested their direct delivery to Africa by airfreight.[1]

Air waybills used by airfreight carriers are equivalent to bills of lading used by shippers or rail transporters.

"Bill of lading" means a document evidencing the receipt of goods for shipment issued by a person engaged in the

---

1. The trial court also found that in a separate agreement, on or about August 26, 1982, Circle Airfreight contracted to provide other freight services at Boyce Equipment's request. Circle Airfreight has not cross-appealed the judgment below insofar as it held Boyce Equipment not liable for the August 26 freight charges.

business of transporting or forwarding goods, and includes an airbill. "Airbill" means a document serving for air transportation as a bill of lading does for marine or rail transportation, and *includes an air consignment note or air waybill.*

Utah Code Ann. § 70A–1–201(6) (1980) (emphasis added). A bill of lading is a contract between the shipper-consignor and the carrier, subject to the same principles of construction and interpretation applicable to contracts between parties. *Transport Clearing Northwest v. Bardahl Mfg. Co.,* 22 Wash.App. 568, 589 P.2d 1242, 1244 (1978); *Arizona Feeds v. Southern Pac. Transp. Co.,* 21 Ariz.App. 346, 519 P.2d 199 (1974).

Both parties to this action recognized that the August 9 air waybill was ambiguous about whether the parties intended appellant to be responsible for the shipping charges, although some indication of intent was shown by the itemization of freight charges in the column marked "prepaid" and not the one marked "collect." In *Kimball v. Campbell,* 699 P.2d 714 (Utah 1985), the Utah Supreme Court explained the role of an appellate court in reviewing a trial court's interpretations of a contract:

> A contract's interpretation may be either a question of law, determined by the words of the agreement, or a question of fact, determined by extrinsic evidence of intent. If a trial court interprets a contract as a matter of law, we accord its construction no particular weight, reviewing its action under a correctness standard. However, if the contract is not an integration or is ambiguous and the trial court proceeds to find facts respecting the intentions of the parties based on extrinsic evidence, then our review is strictly limited.

*Id.* at 716 (citation omitted). In the present case, the trial court properly considered extrinsic evidence from both parties in order to determine the parties' intent. *See id.; John Call Engineering, Inc. v. Manti City Corp.,* 743 P.2d 1205 (Utah 1987).

■ Our review of this factual determination is strictly limited. If the trial court's finding is based on substantial, competent and admissible evidence, we will not disturb it on appeal. *Kimball,* 699 P.2d at 716. *See Porter v. Groover,* 734 P.2d 464, 465 (Utah 1987) (standard enunciated in *Kimball* is the equivalent of the "clearly erroneous" standard in Utah R.Civ.P. 52(a), as amended effective January 1, 1987).

■ Respondent's freight agent testified that he prepared the air waybill in conjunction with company policies prohibiting freight-collect payment terms for first-time customers, which Boyce Equipment was. Mark Boyce admitted he read the air waybill when received, but took no action to notify Circle Airfreight of an error in the payment terms because he thought it was only a "confirmation" of the shipment. In addition to the air waybill itself, listing charges for the freight service in the "prepaid" column, the trial court had before it Circle Airfreight's copy of the Shipper's Letter of Instruction, which the court concluded was marked "prepaid" and thereafter signed by Mark Boyce, which Boyce denied at trial.

Although this and other testimony appellant presented regarding the parties' intent and understanding of the payment terms contradicted respondent's, we must give "due regard ... to the opportunity of the trial court to judge the credibility of the witnesses." Utah R.Civ.P. 52(a). *See State v. Wright,* 744 P.2d 315, 317 (Utah Ct.App.1987). The court's finding is not against the clear weight of the evidence, and we are not persuaded that any mistake has been made. Therefore, the finding is not clearly erroneous, and we will not disturb it on appeal. *See State v. Walker,* 743 P.2d 191, 193 (Utah 1987).

We have considered appellant's other issues and find them equally meritless. The judgment below is affirmed. Costs to respondent.

GREENWOOD and BILLINGS, JJ., concur.