**R.R. SATHER and R.A. Sather dba Sathers Communication Electronics and Communications Electronics, Plaintiffs and Appellants,**

v.

**William E. PITCHER, Jr., Pitcher Communication Electronics, a corporation, Dwight Pitcher, Verna Pitcher and John Does One and Two, Defendants and Respondents.**

No. 860312–CA.

Court of Appeals of Utah.

Dec. 21, 1987.

Craig S. Cook (argued), Salt Lake City, for plaintiffs and appellants.

Clark B. Allred (argued), Gayle F. McKeachnie, Nielsen & Senior, Vernal, for defendants and respondents.

## OPINION

Before BENCH, GARFF and JACKSON, JJ.

BENCH, Judge:

Plaintiffs appeal a judgment entered against them for damages arising from their breach of an agreement with defendants. Plaintiffs seek a remand for further proceedings to determine a fair and just accounting between the parties. We affirm the trial court's judgment.

In January 1972, plaintiff R.R. Sather and defendant William E. Pitcher, Jr. entered into an agreement to operate a radio and television repair shop out of the basement of plaintiff's jewelry store. Under the agreement, plaintiff was to provide a shop, equipment, and a service truck while defendant would work in the business full-time. All business expenses would be deducted from profits. Defendant was to provide a monthly accounting. Either party could terminate the agreement at any time, and defendant had a buy-out option.

Shortly after commencing operation, the parties decided to expand the business to include the servicing and rental of two-way communication equipment. To improve their ability to make service calls, the parties leased equipment for transmitting mobile phone conversations. The equipment included a repeater system, erected on Blue Mountain land leased by plaintiff, and two base stations located in plaintiff's Vernal and Roosevelt stores.

Due to the small size of the shop, defendant was unable to service two-way radios in customers' vehicles. Therefore, in December 1972 and absent plaintiff's assistance, defendant relocated the shop to a building which he owned.

Between 1973 and 1978, the business incurred a total loss of approximately $10,000, all of which was absorbed by defendant. In December 1978, defendant offered to purchase plaintiff's interest for $9,000 in accordance with the buy-out provision in the agreement. Plaintiff refused defendant's offer.

Dissatisfied with plaintiff's failure to comply with the terms of the agreement, defendant terminated the agreement in December 1978. Defendant thereupon formed a new company with his son. Defendant changed the name of the business, opened a separate bank account, and transferred all the equipment and inventory into the new company. When the lease for the Blue Mountain facility came up for renewal, defendant changed it over to his new company. In the summer of 1981, defendant also removed the two base stations from plaintiff's stores.

Plaintiff filed a complaint seeking an accounting and a writ of replevin. Defendant counterclaimed for damages due to breach of contract and abuse of process.

At trial on September 16, 1985, defendant argued the agreement constituted a partnership while plaintiff argued it was a sole proprietorship. The court found for defendant, according little credibility or weight to plaintiff's testimony or computation. Based on the evidence presented, the court assessed damages against plaintiff for fifty percent of the partnership losses and rental of defendant's building and the base stations. The trial court credited plaintiff with fifty percent of the value of the partnership assets. The court also assessed damages against plaintiff for defendant's legal fees incurred as a result of plaintiff's wrongful actions in obtaining two prejudgment writs of replevin.

On appeal, plaintiff does not challenge the trial court's finding that the agreement between the parties constituted a partnership. Plaintiff does challenge the court's valuation of the partnership assets and its computation of the partnership liabilities.

Paragraph 8 of the partnership agreement states: "[Defendant] shall have the option during the term of this agreement to purchase the entire business, the purchase price shall be determined on the basis of the cost of equipment, less depreciation, plus all of the inventory of parts, tubes, supplies, etc." At trial, defendant testified the inventory, at the time of termination of the agreement, had a value of approximately $13,000. Defendant also testified the value of the equipment less depreciation was zero. The trial court incorporated defendant's valuations in its findings.

Plaintiff argues the court erred in failing to assess the partnership assets as to their market value rather than their depreciated value. "[A]n accounting must be based on the market value of the assets at the time of dissolution." *Cave v. Cave*, 81 N.M. 797, 474 P.2d 480, 486 (1970). Plaintiff contends this action was not initiated by defendant for specific performance of the agreement's buy-out provision. Plaintiff contends the valuation formula provided in the buy-out provision of the agreement is inapplicable since defendant chose to terminate the agreement and thereby dissolve the partnership.

In making his argument, plaintiff ignores the fact that at trial he failed to produce any evidence as to asset valuation. Plaintiff contends he was not seeking a division of partnership assets at trial and therefore had no reason to prove the market value of the assets. Utah R.Civ.P. 8(a) allows for pleadings of alternative relief. Plaintiff could clearly conclude from defendant's answer and counterclaim that the termination of the partnership and the value of its assets would be issues at trial. Plaintiff's election to ignore these issues in the presentation of his evidence does not now warrant remand for a second accounting of the partnership assets. On appeal, this Court will affirm a trial court's award of damages so long as a reasonable basis in evidence exists to support it. *Katzenberger v. State*, 735 P.2d 405, 409 (Utah App. 1987). Defendant's evidence was sufficient to support the trial court's award as to the partnership assets.

Plaintiff next argues the trial court erred in calculating plaintiff's obligation

for losses sustained by the partnership. Defendant testified the partnership incurred a total operating loss of about $10,000 and upon dissolution owed approximately $5,000 in taxes. Plaintiff, pursuant to levy, paid $1,993.18 in taxes. The court found a total loss of $12,000 and assessed one-half, or $6,000, against plaintiff. Again, plaintiff offered no additional evidence. The award as to plaintiff's liability for the partnership losses is based upon the evidence presented and is therefore sustainable.

Plaintiff argues the court again erred in calculating the rental due on defendant's building. Defendant testified a reasonable rental for the building was $200 per month. The court found a total rental due of $14,000, based upon occupancy of defendant's building from January 1973 to December 1978, or about six years. Plaintiff correctly points out that defendant testified he relocated the shop in December 1973, not 1972. However, other testimony, including plaintiff's, indicated the actual relocation was December 1972. Whether defendant's statement was a misstatement or an error in transcription, the trial court's finding is supported by substantial, competent evidence and we will not disturb it on appeal. *Circle Airfreight v. Boyce Equipment*, 69 Utah Adv.Rep. 39, 745 P.2d 828 (Ct.App.1987).

Plaintiff's remaining contentions are without merit. The trial court's judgment is affirmed.

GARFF and JACKSON, JJ., concur.