IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| American Fork City, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110845-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 20, 2012) |
| Everett D. Robinson, | ) | |
| | ) | 2012 UT App 357 |
| Defendant and Appellant. | ) | |

-----

Fourth District, American Fork Department, 111100670
The Honorable Christine S. Johnson

Attorneys:     Everett D. Robinson, American Fork, Appellant Pro Se
James "Tucker" Hansen and Timothy G. Merrill, Pleasant Grove, for
Appellee

-----

Before Judges Thorne, Voros, and Roth.

VOROS, Judge:

¶1     Everett D. Robinson challenges his conviction for interfering with an arresting
officer. *See* American Fork, Utah, Code of Ordinances § 9.04.010(A) (2009)
(incorporating Title 76 of the Utah Code); *see also* Utah Code Ann. § 76-8-305
(LexisNexis 2008). The charge stemmed from a confrontation at the Fourth District
Courthouse in American Fork, Utah, after officers attempted to detain Robinson for
questioning. Robinson was acquitted of disorderly conduct in the same proceeding. We
affirm.

¶2      First, Robinson contends that the trial court either misread or unconstitutionally applied the resisting-arrest statute. *See* Utah Code Ann. § 76-8-305. This section requires compliance with the lawful orders of an arresting officer:

> A person is guilty of a class B misdemeanor if he has knowledge, or by the exercise of reasonable care should have knowledge, that a peace officer is seeking to effect a lawful arrest or detention of that person or another and interferes with the arrest or detention by:
>
> . . .
>
> (2) the arrested person's refusal to perform any act required by lawful order:
> > (a) necessary to effect the arrest or detention; and
> > (b) made by a peace officer involved in the arrest or detention[.]

*Id.* Robinson maintains that the statute "explicitly requires that a lawful reason for a detention to be made be found for a valid conviction." Because he was acquitted of the crime of disorderly conduct, *see id.* § 76-9-102, Robinson reasons, his detention was "unlawful from the moment [that] the [officers] pressured or stopped [him] from leaving after confirming what had happened with [the clerk]." Further, the trial court's failure to discuss the lawfulness of the underlying detention is, he contends, "alone . . . sufficient to reverse the conviction."

¶3      This claim is not preserved for appeal. To preserve an issue for appeal, "the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (citations and internal quotation marks omitted). "If an issue is not preserved, [an appellate court] will not address its merits 'absent plain error or exceptional circumstances.'" *Utah Dep't of Transp. v. Ivers*, 2009 UT 56, ¶ 29, 218 P.3d 583 (quoting *State v. Rhinehart*, 2007 UT 61, ¶ 21, 167 P.3d 1046).

¶4      At trial, Robinson's defense to the charge of resisting arrest focused solely on whether he knew or should have known that the officers were seeking to detain him. He did not assert that he could not be guilty of resisting arrest unless he was also found guilty of disorderly conduct. Because he did not present this claim to the trial court, it is not preserved. Nor does Robinson assert plain error or exceptional circumstances. Accordingly, we reject Robinson's first contention on this ground.

¶5     In any event, Robinson's reading of the statute is well off the mark. Our supreme court has clearly explained that a person may be found guilty of resisting arrest even when the underlying arrest is later found to have been unlawful. *See American Fork City v. Pena-Flores*, 2002 UT 131, ¶¶ 13–17, 63 P.3d 675; *State v. Trane*, 2002 UT 97, ¶¶ 33–36, 57 P.3d 1052; *State v. Gardiner*, 814 P.2d 568, 571–76 (Utah 1991). "[T]he reach of the statute is not contingent on the lawfulness of the underlying arrest or detention, but rather, . . . [on] the 'officer. . . acting within the scope of his or her authority and the detention or arrest . . . [having] the indicia of being lawful.'" *Pena-Flores*, 2002 UT 131, ¶ 13 (third alteration and second and third omissions in original) (citation omitted). "The fine question of [an arrest's] legality must be determined in subsequent judicial proceedings, not in the street." *Gardiner*, 814 P.2d at 574. Accordingly, Robinson's contention that his acquittal on the disorderly conduct charge precludes his conviction for interfering with the officers' attempt to detain him is foreclosed by Utah law.[1]

¶6     Second, Robinson contends that the trial court "failed to consider the evidence in a meaningful way." Specifically, he argues that the trial court erred in finding that he should reasonably have known that the officers were seeking to detain him. In effect, this is a challenge to the sufficiency of the evidence.

¶7     The sufficiency of the evidence in a bench trial is reviewed under the clearly erroneous standard. *State v. Walker*, 743 P.2d 191, 193 (Utah 1987). Under this standard, the trial court's verdict will be set aside only if it is "against the clear weight of the evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made." *Id.* In addition, if "the trial court's findings include inferences drawn from the evidence, we will not take issue with those inferences unless the logic upon which their extrapolation from the evidence is based is so flawed as to render the inference clearly erroneous." *State v. Briggs*, 2008 UT 75, ¶ 11, 197 P.3d 628 (citations and internal quotation marks omitted).

¶8     To convict a person of interfering with a lawful arrest or detention, the prosecution must show that the defendant "has knowledge, or by the exercise of reasonable care should have knowledge, that a peace officer is seeking to effect a lawful arrest or detention." Utah Code Ann. § 76-8-305 (LexisNexis 2008). The trial court found

---

[1]Moreover, even if Robinson had preserved and presented his claim under a correct interpretation of the statute, it lacks merit. Robinson has not shown, nor does the record suggest, that the officers' acts here fell outside the scope of their authority or lacked the indicia of lawfulness.

that "a reasonable person, by exercise of reasonable care, would have recognized that the officer was seeking to detain him" after being told to "'come back with us right now.'" Robinson asserts that, considered in context, the officers' orders to "come back, right now" and to "come on back in here" could not have reasonably imparted that knowledge to him. In context, he argues, the orders could have been construed as simply asking him to collect his papers. Therefore, a reasonable person in his situation "could reasonably misunderstand that he was being asked to stay for a criminal investigation."

¶9     The trial court's verdict was not clearly erroneous. Robinson is correct that, initially, an officer did tell him to "come and get [his] paper." However, when Robinson refused, another officer ordered him to "come on back in here." When Robinson responded that the officers could shred the paper, the first officer replied "it's not an option" and again ordered him to "come back, right now." Robinson then announced his intention to leave. In response, the officer ordered Robinson to "come back with us right now." These facts amply establish that Robinson had knowledge, or by the exercise of reasonable care should have had knowledge, that the officers were seeking to detain him.

¶10    Affirmed.


_____
J. Frederic Voros Jr., Judge


                                    -----


¶11    WE CONCUR:



_____
William A. Thorne Jr., Judge



_____
Stephen L. Roth, Judge