[No. 24338. Department One. June 1, 1933.]

E. BJERKESETH, *Appellant*, v. MATT LYSNES *et al.*, *Respondents.*[1]

*C. J. Smith,* for appellant.

*Lloyd R. Savage,* for respondents.

MILLARD, J.—On February 14, 1929, E. J. Bjerkeseth, a building contractor, entered into a written contract with M. Lysnes to construct, according to the plans and specifications (which were made a part of the contract), and to complete on or before June 20, 1929, a veneer brick residence in Seattle, for Lysnes, for a consideration of $5,350, payable one-third when the house was ready for plastering, one-third when the house was enclosed, and the balance within thirty days after the house was finished and accepted by the owner. The contract, which was prepared by the contractor's attorney, provides:

"No alterations or changes shall be made by the contractor until ordered by the owner in writing and then the price shall be determined."

[1]Reported in 22 P. (2d) 660.

On March 19, 1929, one month after the contractor had commenced building operations, the parties entered into a written agreement for the finishing of an extra bedroom. The consideration for that extra was $250, and was paid in two installments, $150 on April 19, 1929, and $100 on May 20, 1929. There is no dispute as to this extra, as to which the parties complied with the stipulation that "no alterations or changes shall be made by the contractor until ordered by the owner in writing."

As the work progressed, the owner made payments to the contractor as the contract provided. On none of these occasions was any mention made by the contractor of any alterations and no claim was made for extras. On August 6, 1929, following Lysnes' payment of all laborers and materialmen, there remained due to the contractor, of the contract price of $5,350, a balance of $90.49. When the contractor was offered that amount he, for the first time, informed the owner, and, for the first time, demanded an additional sum for extras. The owner denied that he had ordered any extras or had agreed to pay for any changes in the building. The contractor thereupon accepted from the owner payment of $90.49.

On September 30, 1929, the contractor made written demand on the owner for the amount claimed to be due for extras. The demand was rejected. Action was instituted against Lysnes and his wife by the contractor, who alleged that, at the request of the defendants, he made changes and alterations in the building at an additional cost of $336. Defendants answered, denying that any work performed was an extra and denied indebtedness to the plaintiff in any amount. The cause was tried to the court, which found that the itemized alleged extras

"... were not ordered by the defendants as owners, in writing, as provided by the provisions in said contract. That said defendants at no time intended to and did not waive said provision in said contract requiring the alterations or changes to be ordered by the owner in writing. That the parties to said contract, to wit: the plaintiff and the defendants, did not orally agree that the items hereinbefore mentioned were additions to the contract to be paid for as extras by defendants, and that defendants did not agree that said items were extras and to be paid for in addition to the contract price."

Judgment of dismissal was entered. Plaintiff has appealed.

Appellant contends that the finding quoted above is contrary to the evidence.

The evidence on behalf of the appellant is to the effect that the extras were ordered by the respondents, and the stipulation, "no alterations or changes shall be made by the contractor until ordered by the owner in writing," was waived. The evidence adduced in behalf of the respondents is just as emphatic that no changes, other than the item of $250 for an extra bedroom, were authorized by them. If respondents are to be believed—the trial judge had the advantage of seeing and hearing the witnesses, hence had opportunities of determining the credibility of the witnesses not possessed by the appellate court—they informed the contractor, whenever he suggested alterations, that any change he made must be within the contract price of $5,350. The trial court, in effect, so found on conflicting evidence, and that finding is considered as a verity in support of the judgment, as our examination of the record does not disclose that the finding is contrary to the clear preponderance of the evidence.

True, as appellant contends, a stipulation in a building contract requiring written authority from the

owner for deviation in the plans, may be waived where the owner orally directs changes made and the contractor makes the changes as directed. *Crowley v. United States Fidelity & Guaranty Co.,* 29 Wash. 268, 69 Pac. 784.

In the absence of conduct showing a waiver or modification of the stipulation requiring a written order by the owner for alterations or changes, or establishing an independent contract for the performance of such alterations or extra work, no recovery can be had therefor by the contractor without a writing in compliance with the provision. *Wiley v. Hart,* 74 Wash. 142, 132 Pac. 1015. The work done and the materials furnished were not extras; they were not so understood and treated at the time they were furnished.

The evidence of a waiver of the provision requiring a written order for alterations or extras must be clear and convincing. With reference to a provision like the one in the case at bar, the court said in *O'Keefe v. Corporation of St. Francis' Church,* 59 Conn. 551, 22 Atl. 325:

"The conditions of the contract we are now considering were inserted for the benefit of the owner. There is certainly no presumption that he has waived them. He, and he alone, can waive them. No act or omission by the plaintiff will be of any avail. If the owner has intentionally relinquished a known right, the plaintiff should be able to show it, either in express terms or by acts and conduct equivalent thereto. Equivocal conduct, or conduct of doubtful import, is not sufficient."

The judgment is affirmed.

MITCHELL, TOLMAN, HOLCOMB, and STEINERT, JJ., concur.