[No. 24557. Department One. June 1, 1933.]

CLIFTON C. SMITH, *Respondent,* v. ALBERT WILSON *et al., Appellants.*[1]

*W. C. Hinman,* for appellants.
*James Tynan,* for respondent.

MILLARD, J.—On August 16, 1930, Gardner J. Gwinn, Inc., entered into an executory contract to sell two

[1]Reported in 22 P. (2d) 661.

lots, and the apartment house thereon, in the city of Seattle, to Oscar C. Stout and wife for a consideration of one hundred and fifty thousand dollars. A portion of the purchase price was paid at the time of the execution of the contract; the vendee assumed the payment of a mortgage on the property and agreed to pay the balance due under the contract at the rate of eleven hundred dollars monthly, beginning September 20, 1930. The interest of the vendor (Gardner J. Gwinn, Inc.,) was subsequently acquired by the Brooklyn Company, a corporation, which conveyed the same, subject to the executory contract, by deed to the plaintiff on January 26, 1932; that is to say, the plaintiff became the successor in interest of the original vendor, Gardner J. Gwinn, Inc.

On October 20, 1931, M. O. Nelson, to whom the original vendee Stout had assigned his interest in the executory contract, by written lease leased the apartment house to Bert Kienast as lessee. On December 28, 1931, Nelson assigned his interest in the executory contract to defendant Albert Wilson. On or about January 1, 1932, lessee Kienast assigned his interest in the lease to Harold Noel and wife, who, on February 1, 1932, transferred their interest in the lease to White & Bollard, Inc., who took possession of the premises. Several years prior to this date, White & Bollard, Inc., as agent for the Prudential Life Insurance Company, placed a large mortgage loan upon the property in controversy. At the time of the trial of this cause, and for a long time prior thereto, that mortgage was in default.

Albert Wilson, successor in interest of the original vendee of the property, did not, nor did his predecessors in interest, make the payments required by the terms of the executory contract. Preliminary to an action in unlawful detainer, Wilson served a three-day

notice on his lessee, White & Bollard, Inc., to quit or pay rent.

Action was instituted by Smith, successor in interest of the original vendor, against the defendants to quiet the title of the plaintiff in the property. Plaintiff alleged that the defendants had no title or interest in the property, as the vendees' interest under the executory contract had been forfeited by reason of the failure of the vendees to make the payments required by the terms of the contract. Plaintiff also prayed that defendants be restrained from proceeding with the prosecution of their unlawful detainer action against White & Bollard, Inc.

Defendants answered, alleging an interest in the property by virtue of the executory contract described above. By cross-complaint, defendants sought recovery from the plaintiff of the sums paid on the contract, basing their right to such a judgment on the ground that plaintiff and his predecessors in interest abandoned or rescinded the executory contract. Plaintiff, by reply, tendered performance of the contract; that is, while alleging defendants had abandoned the contract and repudiated their obligations thereunder, plaintiff alleged he was ready, able and willing to perform the contract upon payment to him of the installments due under the contract; that, in the event defendants refused performance, the prayer was for a decree quieting plaintiff's title.

The action in unlawful detainer instituted by the defendants against White & Bollard, Inc., and the action brought by plaintiff against the defendants were consolidated and tried as an equity case. The court found that the defendants had abandoned the contract and repudiated their obligations thereunder. However, the court entered an order granting to the defendants thirty days in which to reinstate the contract

by paying sufficient to cover all delinquent installments after credit thereon of the net rents collected by White & Bollard, Inc., defendants' lessee. The order provided for entry of decree of forfeiture and cancellation of the contract in the event the defendants failed, within the time specified, to place the contract in good standing. The defendants did not comply with the terms of the order, whereupon the court entered decree quieting plaintiff's title in the property and restraining defendants from prosecuting their unlawful detainer action mentioned above.

The trial court's finding, reading as follows, is amply supported by the evidence, and the fact found —defendants abandoned the contract and repudiated their obligations thereunder—is determinative of the action:

"That the plaintiff herein, Clifton C. Smith, has at all times herein mentioned been and now is ready, able and willing to do all things required to be done by the vendor under said contract upon the payment to him of the sums due thereon, but the defendants herein wholly failed, neglected and refused to pay to said plaintiff the sums due him under the aforesaid contract, and that the defendants herein have not paid or offered to pay any whatever upon said contract, and have wholly abandoned said contract and repudiated their obligations thereunder.''

Respondent was ready, able and willing at all times to comply with the terms of the contract. Appellants refused to make the payments due under the contract. Subsequent to the time Wilson acquired the assignment from Nelson and prior to the commencement of this action, conferences were had between White & Bollard, Inc., the respondent (an employee of White & Bollard, Inc.), and appellant husband. During those times, Wilson was requested to make the payments.

He answered, in effect, that he did not intend to make the payments.

He abandoned the contract and repudiated his obligations under that contract, as the trial court correctly found. The contract provides that, in the event of the failure of the purchaser to make the payments as stipulated by the contracting parties, or in the event of the failure of the purchaser to perform any of the other required covenants or agreements, the vendor may declare a forfeiture and cancellation of the contract; and that any payments made by the purchaser shall be retained by the vendor. The penalty fixed by the parties for breach of the contract will be enforced by the courts.

None of the assignments is of substantial merit. Appellants were afforded an opportunity to reinstate the contract. Having foregone that opportunity, to which they were not entitled in view of their abandonment of the contract, appellants have no just cause to complain of the decree entered.

The judgment is affirmed.

MITCHELL, TOLMAN, HOLCOMB, and STEINERT, JJ., concur.