455 P.2d 197

Ralph E. KELLER, dba Federal Home Improvement Co., Plaintiff and Respondent,

v.

DESERET MORTUARY COMPANY, a corporation, Defendant and Appellant.

No. 11403.

Supreme Court of Utah.

June 3, 1969.

Backman, Backman & Clark, Ralph J. Marsh, Salt Lake City, for defendant and appellant.

George K. Fadel, Bountiful, for plaintiff and respondent.

CROCKETT, Chief Justice:

Plaintiff Ralph E. Keller, dba Federal Home Improvement Co., sued to recover on a contract for construction of a canopy and doorway approach to the Deseret Mortuary on East 7th South in Salt Lake City. The defenses asserted were that the plaintiff had breached the contract in that he had not completed the work in time nor in a satisfactory and workmanlike manner. Upon a plenary trial the court found the issues for the plaintiff and entered judgment in the sum of $1,850. Defendant appeals.

By the terms of the written contract, executed by the parties in November of 1962, the plaintiff was required to supply all labor and materials to construct the canopy, except for the following clause, which is of critical importance to this controversy: "Customer [the mortuary] to supply and install entrance doors * * *." However, there was no definite time specified as to when either of the foregoing was to be done. Plaintiff's evidence was to the effect that he informed the defendant on several occasions, both orally and in writing, that it was necessary for the defendant to install the doors before the plaintiff could proceed with the work and complete the project; but that the defendant failed to do so, which resulted in the delay of which the defendant complains. In opposition to this, defendant contends that it was not necessary to install the doors in order for the plaintiff to complete his work.

The contract was silent as to the point of dispute just stated. The trial court properly heard extraneous evidence bearing on the issue,[1] which he resolved in

1. Continental Bank & Trust Co. v. Bybee, 6 Utah 2d 98, 306 P.2d 773.

favor of the plaintiff. Inasmuch as there is substantial, reasonable and credible evidence to support his finding, it is not our prerogative to upset it.[2] This same well-worn and time-honored rule of review likewise applies to and disposes of the defendant's contention that the trial court erred in finding that the plaintiff had performed the construction in a good and workmanlike manner; and to the issue raised that the amount of damages awarded was excessive, to which we next direct attention.

■■ On the question of damages, the position essayed by the defendant is that the plaintiff should have been limited in his recovery to the reasonable value of the work performed and the materials furnished. This is not necessarily true where the claim is based upon a definite contract. The assessment of damages by the trial court was consistent with the general principle which underlies the ascertainment of damages for breach of contract: that the nonbreaching party should receive an award which will put him in as good position as he would have been in had there

been no breach.[3] Under the circumstances here shown, where the plaintiff contractor had done the part of the work he had performed in a satisfactory and workmanlike manner, and was not himself at fault in the failure to complete it, we see no error or impropriety in the trial court's awarding him damages based upon the total amount promised for the project, less the reasonable cost of completing it.[4] In its findings the trial court worked this out in these figures:

| | |
|---|---|
| Total contract | $3,850.00 |
| Paid by the defendant | 1,500.00 |
| Balance if job had been completed | 2,350.00 |
| Less reasonable cost of completion | 500.00 |
| Plaintiff's damage | $1,850.00 |

Together with interest at the legal rate after July 27, 1968, as found by the trial court.

Judgment affirmed. Costs to plaintiff (respondent).

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.

2. Dahnken v. George Romney & Sons Co. et al., 111 Utah 471, 473, 184 P.2d 211.
3. See 5 Williston on Contracts, 3824, Sec. 1363; 1 Restatement of Law, Contracts, 578, Sec. 346, Comments g and h; 5 Corbin on Contracts, Sec. 1094.
4. Ibid, and see Fuller v. United Electric Co., 70 Nev. 448, 273 P.2d 136.