464 P.2d 580

**Logan F. CARR, individually, and Logan F. Carr, as Guardian ad Litem for Jeff L. Carr, a minor, Plaintiff and Appellant,**

v.

**BRADSHAW CHEVROLET COMPANY, a Utah corporation, and Collins Rowley, Defendants and Respondents.**

No. 11774.

Supreme Court of Utah.

Jan. 21, 1970.

J. Harlan Burns, of Burns & Park, Cedar City, Arthur H. Neilsen, Salt Lake City, for plaintiff-appellant.

Don J. Hanson, of Hanson & Garrett, Salt Lake City, for defendants-respondents.

**416**

ELLETT, Justice.

This is an appeal from a summary judgment by the guardian of an eleven-year-old boy whose claim for damages was as a matter of law held to be barred by the boy's own contributory negligence. The minor plaintiff was riding his bicycle northerly on the sidewalk in Cedar City, Utah, where he was required to ride by direction of the chief of police of the city. The individual defendant, while in the course of his employment with the corporate defendant, drove an automobile from a parking lot east of the sidewalk onto the sidewalk and stopped thereon so that he could look for traffic before driving out into the street. A hedge and a fence along the south side of the parking lot prevented his view to the south until the front of his car was across the walk. He never saw the plaintiff child until after the collision.

There is a question as to how long the defendants' car was stopped before it was hit by the plaintiff's bicycle, and this is a question of fact to be determined by the jury. The minor plaintiff in his deposition said he saw the automobile moments before the collision, that he saw it pull out and stop "and I wasn't able to stop," and that he collided with the rear door despite the fact that he applied his brakes. He said he was going fairly fast but not too fast at the time.

In an affidavit filed in this matter he stated that the sidewalk on which he was riding was rough and uneven to such an extent that he had flattened a tire while riding upon it about one month prior to the day of the collision and that he was observing the sidewalk occasionally as he rode along so as to avoid the protruding cement and the rough areas.

The trial court granted a summary judgment in favor of the defendants upon the following grounds:

> While the said Jeff L. Carr was not an adult at the time of this incident and therefore could not be expected to have the maturing or judgment of an adult, yet, the Court believes and finds that where a straight "A" student almost 12 years old who had been active in a variety of athletic activities drove his bicycle down the sidewalk and directly into a four-door sedan automobile which was parked across the sidewalk so as to block the same, such bicycle rider is negligent in failing to keep a proper lookout, in going too fast for existing conditions where he knew the parking place and driveway existed and in failing to keep his vehicle under control.

Our court has discussed the matter of contributory negligence on the part of a child on several occasions. In Nelson v. Arrowhead Freight Lines, 99 Utah 129, 135, 104 P.2d 225 (1940), this court quoted from Jones Commentaries on Evidence, Volume 1, Section 99(a), in part as follows:

\* \* \* The question as to whether a child's capacity is such that it may be chargeable with contributory negligence is a question of fact for the jury, unless so young and immature as to require the court to judicially know that it could not contribute to its own injury or be responsible for its acts or so old and mature that the court must know that, though an infant, yet it is responsible. Where the infant is under fourteen years of age, the burden rests upon the defendant to rebut the legal presumption of incapability of contributory negligence. \* \* \*

In Kawaguchi v. Bennett, 112 Utah 442, 449, 189 P.2d 109, 112 (1948), this court in discussing an instruction given at trial said:

This instruction is in accord with our view expressed in Herald v. Smith, .supra. We do not understand that we there said that as a matter of law any child of tender years cannot be guilty of contributory negligence, but rather that a court cannot say, as a matter of law, that such a child was guilty of contributory negligence, but must submit that question to a jury to determine whether the conduct of the child, measured by its capacity and experience, was negligent. \* \* \*

The question of the advisability of submitting to a jury the issue of contributory negligence on the part of a child is summed up in Sec. 7 of the annotation found in 77 A.L.R.2d at page 932 as follows:

Whether the question of a child's contributory negligence is regarded as one of capacity, standard of care, or compliance with that standard, the courts are in substantial agreement that normally, if not always, a question of fact for the jury is presented, rather than one of law for the court. \* \* \*

The reason why the court cannot say as a matter of law that a child under fourteen years of age is guilty of contributory negligence is that the question hinges on a number of factors such as age, intelligence, experience, and education of the child, which cannot be determined in a vacuum, but must be related to the child itself. Seeing the child and hearing him testify would be of great advantage to the triers of the fact. Besides, in a motion for summary judgment the judge is neither required nor permitted to find facts which are in issue—he can only find that there are no issues of fact to be found and that one party is entitled to judgment as a matter of law.

We think there are issues of fact involved in this case which will require a trial, namely, how suddenly did the automobile appear from behind the fence and hedge; how long was it parked across the sidewalk before it was run into; how fast was the plaintiff traveling at the time;

how rough was the sidewalk; and was the plaintiff justified in casting his eyes thereon temporarily in order to observe how to direct the wheels of his bicycle so as to avoid the rough areas.

Answers to these questions would then enable the triers of the fact to determine whether the eleven-year-old plaintiff with his experience, education, and intelligence was contributorily negligent in causing the accident.

At trial there will be other factual issues, but the above are sufficient to prevent a summary judgment from being given at this time. The case is reversed with directions to proceed to trial. The appellant is awarded costs.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.