492 P.2d 135

**ZION'S COOPERATIVE MERCANTILE IN-STITUTION, Plaintiff and Respondent,**

**v.**

**JACOBSEN CONSTRUCTION CO. et al., Defendants and Appellants.**

**No. 12431.**

Supreme Court of Utah.

Dec. 21, 1971.

Wallace R. Lauchnor and F. Robert Bayle, of Bayle & Lauchnor, Salt Lake City, for defendants and appellants.

Stephen H. Anderson and Albert R. Bowen, of Ray, Quinney & Nebeker, Salt Lake City, for plaintiff and respondent.

ELLETT, Justice.

Jacobsen appeals from an adverse summary judgment. Zion's Cooperative Mercantile Institution, hereinafter called the owner, employed Jacobsen, hereinafter called contractor, to construct a large building on a cost-plus basis with provisions for extra compensation if costs were held below the architect's estimate. The building was to be erected on sloping ground, which necessitated some considerable amount of excavation and shoring by the contractor.

The agreement provided that the contractor could employ subcontractors after first securing permission from the owner to do so. Pursuant to the agreement, the contractor employed one subcontractor to excavate and another to do the shoring. The excavation was made very close to an alleyway, and the shoring was placed in a manner which would be suitable to retain the embankment only if the soil had not been subjected to water pressure. The contractor did not know that a six-inch water main lay in the alleyway a very few feet from the shoring piles, although the location of the line was a matter of public record and one fire hydrant was clearly visible on one side of the alleyway near to the property in question. The contractor was familiar with the effect of a broken water line behind shoring but did nothing to guard against such an eventuality in this case.

An engineering firm was employed to survey and locate utility lines. On January 21, 1965, a report was made to the architect on the job showing that there was a water line in the alley and requesting instruction as to whether the engineering firm should locate it exactly. On March 22, 1965, a revised drawing was submitted to the architect showing by means of a red line the approximate location of the water pipe. There were also written in red ink on the drawing the words "Size and location of water main in alleyway," followed by a question mark. On November 11, 1965, after the excavation and shoring had been

completed, cracks were observed in the alleyway by the geologists who worked for the company doing soil analysis on the job, and the cracks were reported to the contractor's superintendent, who was advised by the geologists that such movement of the earth could rupture water lines if any were in the alleyway and that the shoring would not withstand the extra pressure if such was the case. Two days later the superintendent of the contractor told the geologists that his firm had checked and that the only utility in the alleyway was a power line. On November 25, 1965, the water main ruptured, and the shoring collapsed, doing damage to the jobsite in the amount of $49,003.57.

Thereafter, this action was commenced against the contractor, the architect, the excavator, the one who did the shoring, and the geologists who made the soil report. This appeal involves only the owner and the contractor.

The trial court could see no material issues in dispute and granted summary judgment against the contractor.

■ The contractor contends that it cannot be held negligent as a matter of law. The answer to this contention seems to be that by its contract it was responsible for all excavating and shoring on the job. It admitted that it knew the work of the shoring subcontractor would likely cause a rupture of the water lines if any there were in the alleyway. It either knew or in the exercise of reasonable care should have known of the existence of the line. Two weeks before the rupture and the consequent damages, it was advised of the cracks in the alleyway and was advised by the geologists of the likely consequences unless additional bracing was made to the shoring piles. It did nothing except to say that it had checked and the only utility was the power line.

Ordinarily the question of negligence or contributory negligence is for the jury. However, where from the pleadings, depositions, answers to interrogatories, etc., there does not appear to be any question but what the contractor herein was negligent and the owner was not negligent, then summary judgment could be granted.

It appears that the damage in question resulted from a breach of duty on the part of the contractor, and it cannot escape liability by shifting its burden to a subcontractor.

■ The contractor relies on the following provision of the agreement for a further defense to the action:

The making and acceptance of the final payment shall constitute a waiver of all claims by the owner, other than those arising from unsettled liens, from faulty work appearing after final payment or from requirement of the specifications, and of all claims by the con-

tractor, except those previously made and still unsettled.

This action was begun on July 12, 1966, by the owner against all who had done work in connection with the project, and they were all named on the theory that the owner did not know who would ultimately stand the loss and, therefore, it should be a question for the court to determine. Final payment was made by the owner to the contractor in the latter part of 1967 while this action was pending and being vigorously prosecuted by all parties.

It seems that the provisions of the contract would not defeat the action for damages merely because the final payment was made pursuant to the contract. This is especially true since the contractor knew that payment was being made with a reservation, to wit: that it would have nothing to do with the lawsuit then pending. Acceptance of the money by the contractor under the circumstances of this case would not be a defense to the action now before us.

There was no error in granting the summary judgment, and the ruling of the trial court is affirmed. The respondent is entitled to its costs.

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

CROCKETT, J., concurs in the result.