Kent W. HOLMAN and Alfred G. Kessler, dba Golden Spike Realty and Construction, Plaintiffs and Respondents,

v.

Blair W. SORENSON and Marjean Sorenson, Defendants and Appellants.

No. 14305.

Supreme Court of Utah.

Nov. 1, 1976.

**500**

J. Rand Hirschi of Prince, Yeates, Ward & Geldzahler, Salt Lake City, for defendants and appellants.

Joel M. Allred, Salt Lake City, for plaintiffs and respondents.

1. *Keller v. Deseret Mortuary Company*, 23 Utah 2d 1, 455 P.2d 197 (1969).

2. The Restatement of the Law, Contracts, Section 346(1).

ELLETT, Justice:

Respondents initiated this action to foreclose a mechanic's lien and to recover damages for the breach of a construction contract. Appellants counterclaimed for breach. The trial court found that both parties had breached but awarded respondents (contractors) net damages in the sum of $7,321. The judgment stated that the computations were inclusive of the amounts to which appellants have been damaged and to which they were entitled by reason of respondents' breach.

The question appellants bring before us is whether the trial court erred by omitting to deduct from respondents' award the costs saved by not completing the construction project.

■ It is the undisputed law of this state[1] and the general consensus of legal writers[2] that breach of construction contract damages are based upon the total amount promised for the project, less the reasonable cost of completing it.

On the other hand, respondents argue that the trial court did not wish to impose attorney fees on top of the appellants' judgment and advised counsel, in its chambers before the ruling, that it might be inclined to a finding of mutual breach, to avoid what appeared to be the mandatory language of 38-1-18, U.C.A. However, appellants' present counsel was not privy to this discussion nor is there any record of such conversation. We, therefore, ignore the argument.

■ The policy of this Court has been, after reviewing the record, not to disturb the trial court's findings if there is a reasonable basis in evidence to support it. Appellants carry the burden of showing from the record that the lower court erred.[3]

3. *Charlton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176 (1961).

■ The appellants claimed that their damages, including the cost of completion of the project, was $26,586.31. The trial court was not obligated to believe the testimony given by any witness, and it was within its prerogative in finding as it did. There was competent evidence to justify the finding but none to compel him to find a different amount. Counsel for appellants states there were certain agreements made, but does not give any reference as to where in the record they may be found; and we have not been able to find them.

The findings which the court did make are summarized in a memorandum which it sent to counsel and is as follows:

In the above matter the Court has determined that the defendants have breached the contract and caused the delay in construction as alleged by the plaintiff; that for the foregoing the plaintiff has been damaged and is entitled to recover the following:

Contract price ................... $56,000.00
Allowable extras ................. 3,900.00

Total amount due plaintiff ........ $59,900.00
LESS:
Credits due defendants ............ $ 6,779.00
Amounts paid plaintiff ............ 45,800.00
$52,579.00

Amount to which plaintiff is entitled .. $ 7,321.00

It is the Court's further opinion that the plaintiffs have breached the contract in the respects alleged by the defendants, however, the above computation is inclusive of the amounts to which they have been damaged and to which they are entitled; therefore plaintiff is entitled to judgment for the above amount with no attorney fees being awarded to either party, and each party to bear its own costs.

It appears from the respondent's evidence that the costs of completion would be the sum of $1,807.50, and that well may be the "included" amount which the court had in mind when he found a total damage of $6,779.00. The problem arises because the appellants "claim" that the parties agreed at trial that the status of the contract was:

| | | |
|---|---|---|
| Contract Price | | $56,000 |
| Credits to Owner | | |
| Earnest money | $ 100 | |
| Fence | 1000 | |
| Light Fixtures | 400 | |
| Mansaard Roof | 420 | |
| Painting | 1300 | |
| Floor Covering | 3178 | |
| Building Plans | 350 | |
| Fire Insurance | 31 | |
| Total Credits | $6779 . | 6,779 |
| BALANCE | | $49,221 |

■ If there was such an agreement, then it is obvious the trial court omitted from his finding the cost of completion of the job. However, as stated before there is no record of any such agreement and we must presume it did not occur.

■ This appeal might have been avoided had the trial court been more specific in details as to the items of damage which it found and in the cost of completion of the project. However, minute findings by the court are not required and it need not detail every item which goes into a finding of damages.[4]

■ The judgment is affirmed with costs awarded to the respondent.

HENRIOD, C. J., CROCKETT and MAUGHAN, JJ., and G. HAL TAYLOR, District Judge, concur.

4. 89 C.J.S. Trial § 626; *Bourke v. Frisk*, 92 Cal.App.2d 23, 206 P.2d 407 (1949); *Roberts v. Adams & Son*, 199 Okl. 369, 184 P.2d 634 (1947).