DARRELL J. DIDERICKSEN & SONS, INC., a corporation, Plaintiffs and Respondents,

v.

MAGNA WATER AND SEWER IM-PROVEMENT DISTRICT, Defendant, Third Party Plaintiff and Appellant,

v.

UTAH STATE DEPARTMENT OF TRANSPORTATION and Templeton, Linke & Associates, a professional corporation, Third Party Defendants and Appellant.

No. 16129.

Supreme Court of Utah.

June 10, 1980.

John A. Rokich, Magna, for Magna.

Robert B. Hansen, Atty. Gen., and Leland D. Ford, Asst. Atty. Gen., for Dept. of Transportation.

W. Robert Wright, Salt Lake City, for Templeton.

Lawrence R. Peterson, Jr., Salt Lake City, for plaintiffs and respondents.

BURNS, District Judge:

The facts material to this decision involve a plaintiff contractor who entered into a sewer construction contract in August, 1976, with the defendant, Magna Water and Sewer Improvement District, for the relocation of the defendant's sewer line to accommodate a four-lane highway to be constructed by the third-party defendant, Utah State Department of Transportation.[1] Magna was to be reimbursed for all costs incurred by reason of the sewer relocation project by the DOT. After the contract was in force, the Contractor became aware of other construction in the subject area by the freeway construction people (DOT) and was further requested by Magna to commence construction at a different starting point (in the middle of the project rather than at the low end of the project) to coincide with such simultaneous work for the highway construction. Although promised, no change orders for such contract modification were ever forthcoming, and the Contractor proceeded with its work as originally outlined and performed thereunder until the project came into what the trial court found was a direct conflict with the DOT highway project and could not be performed as the contract specifications were written. After notice, the Contractor ceased operation when no change order was forthcoming, and the trial court found a substantial change in the nature of the project had occurred, justifying the Con-

---

1. Plaintiff-Respondent, Darrell J. Didericksen & Sons, Inc., a Corporation, is hereinafter referred to as the CONTRACTOR. Defendant, Third-Party Plaintiff and Appellant, Magna Water and Sewer Improvement District, is hereinafter referred to as MAGNA. Third-Party Defendant and Appellant, Utah State Department of Transportation is hereinafter referred to as the DOT.

tractor to abandon further performance and maintain this suit for damages.

Magna was also required to make progress payments by the 15th day of any given month for work estimates submitted by the Contractor not later than the first day of such month. An estimate was submitted on the 7th of November for work performed in October; an estimate was submitted on the 8th of December for work performed in November; and both such estimates were approved by Magna's engineer but no payments were forthcoming. The trial court found the failure to make the payment for the October estimate by December 15 was a substantial breach of the contract which also justified the termination of the work by the Contractor on December 27, and that the Contractor had sustained its burden on the issue of damages entitling it to payment for work performed at the contract rate. Judgment was entered in favor of the Contractor for the amount earned under the contract less amounts paid by Magna after termination of work and which judgment sum was $24,-969.00. From such judgment Magna and the DOT perfect this appeal.

■ The rule that this Court on appeal will not disturb the finding of the trial court so long as it is reasonably supported by credible evidence [2] is applicable, as the record amply supports the trial court's determination that the Contractor proceeded under the contract as written and reached a point where there was a conflict with the work as outlined and the simultaneous construction being carried on by the DOT in freeway construction. While there had been discussion of a change order in light of these facts, none had been forthcoming from Magna, and the contract prepared by Magna placed the onus upon the Contractor to obtain change orders [3] or proceed further at its own risk.

■ The evidence is uncontradicted that soon after the parties entered into their agreement there was reason to believe the work could not be performed in accordance with the terms of that instrument, although the record further substantiates that Magna held out the expectation that appropriate change orders would be forthcoming as necessary. Under such circumstances the Contractor was well within its rights by continuing in good faith to carry out its part of the contract so long as such work could go forward,[4] and it was only when Magna refused to provide acceptable change orders that the work stopped, as the Contractor refused to proceed further without written direction or authorization as required. Under such facts the trial court correctly determined the Contractor was justified in working until further performance could not continue under the agreement. The law with respect to written change orders in a public construction contract long extant in this state is enunciated in *Campbell Building Company v. State Road Commission*, 95 Utah 242, 70 P.2d 857 (1937), holding that the requirement for written change orders is binding on the parties and must be complied with or the contractor may waive recovery for such work outside the contract specifications.[5] In the absence of a change order the Contractor had the election either to proceed

2. *Holman v. Sorensen*, Utah, 556 P.2d 499 (1976). *Charleton v. Hackett*, 11 Utah 2d 389, 360 P.2d 176 (1961).

3. *Defendant's Exhibit 37*, Contract Document and Specifications, General Conditions: "17. Changes in Work: No changes in the work covered by the approved contract documents shall be made without having *prior written approval* of the owner. 18. . . . The owner may order extra work or make changes . .. No claims for any extra work or materials shall be allowed unless the work is *ordered in writing* by the owner. 22. Claims for extra cost.

No claim for extra work or cost shall be allowed unless the same was done in pursuance of *a written order of the engineer approved by the owner* . . .." (Emphasis added.)

4. *Lowe v. Rosenlof*, 12 Utah 2d 190, 364 P.2d 418 (1961); *Miller v. Young*, 197 Okl. 503, 172 P.2d 994 (1946).

5. 1 A.L.R.3d 1281, No recovery without written order. Also see: *Joliet Bridge and Iron Company v. Eastside L. and Sanitary District*, 210 Ill.App. 575 (1918).

outside the terms and specifications [6] or to shut down and declare the contract breached.

The same reasoning with respect to the necessary quantum of credible evidence is likewise supportive of the trial court's determination that a breach of contract by Magna occurred in its failure to make any progress payments by the 15th of December on work estimates submitted by the Contractor. The estimate for October, 1977, work was submitted on the 7th of November and, while approved, no payment was forthcoming from Magna. Likewise, the November estimate was submitted by the 8th of December and again approved but without payment. The trial court held both parties to a strict interpretation of the contract on this issue, not finding a breach for nonpayment on the tardy estimate submitted in November, but supporting the Contractor's contention that when the October payment remained unpaid by the 15th of December, the Contractor was justified in declaring such failure a substantial breach and sufficient cause for termination of work. This Court has held the failure to make payments in excess of 30 days after they become due may constitute a substantial breach of contract in that it may materially impair the ability to perform and thereby allow the contractor to consider the agreement at an end.[7] This concept of contract law depends upon the facts found as to the materiality of the breach of the covenant to make periodic payments but will not be disturbed on appeal if supported by credible evidence where the contract by its terms makes time of the essence, *University Properties, Inc. v. Moss*, 63 Wash.2d 619, 388 P.2d 543 (1964).

While Magna also raises the question of waiver and estoppel in determining a material breach of contract for its failure to make periodic payments since the Contractor continued work when the first payment was not forthcoming, the finding of the trial court otherwise enjoys the presumption of validity so long as a reasonable expectation of payment existed.[8] In similar vein, the acceptance by the Contractor of a partial payment after the work termination without any reservation does not necessarily constitute a waiver and estoppel of its claim for sums actually earned, this Court having addressed a similar issue in *Zions Coop Mercantile Institution v. Jacobsen Construction Company*, 27 Utah 2d 6, 492 P.2d 135 (1971), with a determination otherwise.

On the matter of assessing damages the evidence was deficient as to the cost of completion and therefore the court could not apply the formula of assessing damages on the total contract price less the cost of completion.[9] Under such circumstances, the court was justified in determining the damages on the basis of the contract price, or on the reasonable value, of the portion of the project already completed and not paid for.[10]

Affirmed. Costs to plaintiff against appellant Magna.

CROCKETT, C. J., and WILKINS, MAUGHAN and STEWART, JJ., concur.

HALL, Justice, having disqualified himself, does not participate herein.

6. While the owner of the public works may waive the requirement of a written change order for extra work, the evidence must be of a clear and satisfactory character and show that the work is extra work and under a definite agreement with the owner to pay for such extra work by persons properly so authorized, burdens the contractor need not undertake. *Hunt v. Tulsa Terrazzo and Mosaic Co.*, 157 Okl. 174, 11 P.2d 521 (1932); *Bjerkesath v. Lysnes*, 173 Wash. 220, 22 P.2d 660 (1933); *Eggers, et al. v. Luster, et al.*, 32 Wash.2d 86, 200 P.2d 520, 523 (1948). Also see: 17 A.L.R.2d 968.

7. *Wagstaff v. Remco*, Utah, 540 P.2d 931 (1975).

8. *R. C. Tolman Construction Co., Inc. v. Myton Water Association*, Utah, 563 P.2d 780 (1977).

9. *Keller v. Deseret Mortuary Company*, 23 Utah 2d 1, 455 P.2d 197 (1969).

10. *Holman v. Sorensen*, supra, note 2.