**Florence Mae OBERHANSLY, Plaintiff and Appellant,**

v.

**Leora SPROUSE, Bow Valley Petroleum, Inc., and the Estate of Ray Lavon Sprouse, Defendants and Respondents.**

No. 870214–CA.

Court of Appeals of Utah.

March 23, 1988.

Jerry R. Kennedy (argued), Alan R. Stewart, Seal & Kennedy, Salt Lake City, for plaintiff and appellant.

Thomas W. Bachtell, Frederick M. MacDonald (argued), Pruitt, Gushee & Fletcher, Salt Lake City, for defendant and respondent Leora Sprouse.

Richard B. Johns, Jones, Waldo, Holbrook & McDonough, Salt Lake City, for G.W. Petroleum.

Before BENCH, DAVIDSON and JACKSON, JJ.

OPINION

BENCH, Judge:

Plaintiff appeals from a summary judgment dismissing her complaint and quieting title to disputed mineral rights in defendant. We reverse the summary judgment and remand for further proceedings.

The facts in the instant case are stipulated. Plaintiff Florence Mae Oberhansly married Ray LaVon Sprouse in September 1931. They were divorced October 16, 1950. As part of the divorce decree, Ray was ordered to convey to Florence an undivided one-half interest in all of the oil, gas, coal, and other mineral rights in the marital properties known as the "Hayden Farm Land" (Hayden property) and "Mosely Ranch" (Mosely property). On the same day the decree was entered, the parties exchanged deeds wherein Ray conveyed to Florence a one-half interest in the mineral rights to the two properties and she con-

veyed all her interest in the two properties to Ray. Ray's deed to Florence was recorded on October 17 while Florence's deed to Ray was recorded on October 30. On March 31, 1954, Florence executed a quit claim deed to correct the Hayden property description and again conveyed all her interest in the Hayden property to Ray. Neither this deed nor the original expressly reserved any interest in Florence.

Ray subsequently married defendant Leora Sprouse. On April 11, 1957, Ray, Leora, and Florence jointly executed a lease granting Standard Oil Company the right to explore and extract oil, gas, and minerals from the Hayden property and other parcels. Several years later, after Ray had died and after the Standard Oil lease had expired, Leora, claiming the entire mineral interest as surviving joint tenant, executed a similar lease with Bow Valley Petroleum, Inc. Florence objected to the lease and filed this action to quiet title in her to an undivided one-half interest in the Hayden property mineral rights. Leora filed an answer and counterclaim seeking a court order quieting title to the disputed mineral interest in herself.

Both parties filed motions for summary judgment in January 1987. In its ruling on cross-motions for summary judgment, the trial court found Florence had not presented any evidence to support her claim to a one-half interest in the Hayden property mineral rights. The court granted Leora's motion and quieted title to the disputed mineral rights in her. Florence appeals from the entry of summary judgment.

Under Utah R.Civ.P. 56(c), summary judgment "shall be rendered ... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." On appeal, Florence argues the evidence before the trial court did raise genuine issues as to material facts.

In moving for summary judgment, Leora filed no affidavits, but relied on her counterclaim, answers to Florence's interrogatories, accompanying memorandum, and the stipulation of facts. Florence, in support of her motion for summary judgment and in opposition to Leora's, also filed no affidavits but relied on her complaint, reply to counterclaim, answers to Leora's interrogatories, accompanying memorandum, and the stipulated facts. Florence could easily have filed an affidavit highlighting for the trial court the evidence in the record which could defeat entry of summary judgment, such as the facts, circumstances, and purpose surrounding the execution of the deeds. However, the record already contained the divorce decree, the three deeds, and the Standard Oil lease.[1]

In reviewing a summary judgment, this Court applies the same analytical standard required of the trial court. *Tripp v. Vaughn*, 746 P.2d 794 (Utah App.1987). We liberally construe the facts and view all the evidence, including reasonable inferences, in a light most favorable to the party opposing the motion. *Payne By and Through Payne v. Myers*, 743 P.2d 186 (Utah 1987); *Katzenberger v. State*, 735 P.2d 405 (Utah App.1987). Moreover, "because a summary judgment is granted as a matter of law rather than fact, we are free to reappraise the trial court's legal conclusions." *K.O. v. Denison*, 748 P.2d 588, 590 (Utah App.1988) (quoting *Atlas Corp. v. Clovis Nat'l. Bank*, 737 P.2d 225, 229 (Utah 1987)).

After independent review, in a light most favorable to Florence, of all the evidence which was before the trial court, we conclude at least one issue of material fact existed to preclude summary judgment: to wit, the intentions of Florence and Ray when they exchanged deeds in 1950. Paragraph 5 of their divorce decree, dated October 16, 1950, states, in part:

> There is hereby further awarded and set over and decreed to [Florence], and [Ray] shall by proper deed and assignment grant, bargain, sell, convey and set over to [Florence], an undivided one-half inter-

---

1. On appeal, Florence submitted two 1967 leases with Chevron Oil Company. However, these documents were not part of the trial court record and we cannot consider them. *Chapman v. Chapman*, 728 P.2d 121 (Utah 1986).

est in all of the oil, gas, coal and other minerals now, or at any time hereafter lying in, or under the [Hayden and Mosely properties.]

That same day, Florence and Ray executed and exchanged deeds pursuant to the decree. The fact that Florence's deed to Ray was recorded subsequent to Ray's deed to Florence is not crucial to determining Florence's interest. Deeds which are executed contemporaneously and are clearly interrelated must be construed as a whole and harmonized, if possible. *Atlas Corp.*, 737 P.2d at 229.

Leora argues the subsequent quit claim deed, executed in 1954 and which also reserved no express interest in Florence, negates any issue as to the parties' intent when the deeds were exchanged in 1950. However, in determining the true purpose behind a deed, many factors, including the facts surrounding execution, the contemporaneous and subsequent acts of the parties, and their relationship, need to be considered by the trial court. *W.M. Barnes Co. v. Sohio Natural Resources Co.*, 627 P.2d 56, 59 (Utah 1981). On a motion for summary judgment, the Utah Supreme Court has held:

> [I]t is not appropriate for a court to weigh disputed evidence concerning such factors; the sole inquiry to be determined is whether there is a material issue of fact to be decided.... It is of no moment that the evidence on one side may appear to be strong or even compelling, and documentary evidence is not dispositive if the intent and purpose underlying the documents are at issue.

*Id.* (quoted in *Spor v. Crested Butte Silver Mining, Inc.*, 740 P.2d 1304, 1308 (Utah 1987)).

The divorce decree and contemporaneous deeds, together with the fact that Ray, Florence, and Leora jointly executed the Standard Oil lease and shared in the proceeds seven years after the divorce, raise a genuine issue as to the material fact of the original parties' intent behind the deeds. *Katzenberger*, 735 P.2d at 408. The summary judgment is therefore reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Florence also argues the trial court erred in ruling she had waived her defense of waiver by failing to raise it in a timely manner. In light of our decision to reverse the summary judgment, we do not address this issue since, on remand, Florence is free to file a motion to amend her complaint to add the defense of waiver. *See* Utah R.Civ.P. 15.

DAVIDSON and JACKSON, JJ., concur.