**LUCKY SEVEN RODEO CORPORA-TION, a Utah corporation, Plaintiff and Appellant,**

v.

**Pat CLARK, Defendant and Respondent.**

No. 880079–CA.

Court of Appeals of Utah.

June 9, 1988.

Timothy B. Anderson (argued), Dale R. Chamberlain, Jones, Waldo, Holbrook & McDonough, St. George, for plaintiff and appellant.

Phillip L. Foremaster, St. George, for defendant and respondent.

Before BENCH, JACKSON and BILLINGS, JJ.

## OPINION

BILLINGS, Judge:

Appellant Lucky Seven Rodeo Corporation ("Lucky") appeals from a summary judgment which terminated Lucky's easement in property owned by respondent Pat Clark. Lucky contends that the trial court erred in granting summary judgment, arguing that the court misconstrued the unambiguous order establishing the easement or that the order granting the easement was ambiguous, and, thus, summary judgment was inappropriate. We reverse and remand.

In March of 1981, Lucky filed suit against Pat Clark to quiet title to a parcel of land, hereinafter referred to as the reservoir and dike area, bordering their respective properties. On the third day of trial, the parties negotiated a settlement. The stipulation was reduced to writing and signed by the parties and their counsel. An order and judgment incorporating the stipulation was signed by the judge on February 13, 1984.

The stipulation and order granted title to the reservoir and dike area to Pat Clark and Tex Gates, and granted an easement to Lucky. The easement relevant to this action is contained in the following paragraphs, with our emphasis added:

3. Plaintiff Lucky Seven Rodeo Corporation and its successors and assigns (hereinafter "Plaintiff") shall have an exclusive and perpetual easement *to use,* maintain and operate *the reservoir and dyke are[a]* which are described in paragraph 2 above for irrigation, stock watering, *corralling of animals and agricultural purposes,* together with the obligation that plaintiff shall maintain the fences enclosing the area hereinabove described.

.    .    .    .    .

6. In the event the reservoir and Dyke [sic] area described in paragraph 2 above were to fall into *non-use for a period of Ten (10) consecutive years, the easement granted in paragraph 3 above would expire automatically without notice.*

In 1985, Lucky removed from the easement a portion of a dike located on the property, and began to level the ground in preparation for planting. Pat Clark, the fee owner, filed this action to terminate Lucky's easement in the property, alleging Lucky's removal of the reservoir and dike destroyed the need for the easement, and indicated Lucky's intent to abandon it. Clark further alleged that Lucky had failed to maintain the fences on the property and had in fact destroyed the fences, contrary to the agreement of the parties, and the consequent court order.

It is undisputed that Lucky removed the dike, but there is disagreement as to whether Lucky removed fences that were part of the easement agreement, or other fences with no relevance to the easement. Lucky filed an affidavit of its president, Russel Walter, stating that he understood the easement agreement to grant alternative uses of the property and that Lucky had elected to use the property for agricultural purposes as provided for in the agreement. Lucky denied any intent to abandon the easement, and believed that its removal of the dike and reservoir was consistent with the language of the easement and the intent of the parties in allowing use of the property for agricultural purposes.

The court granted Clark's motion for summary judgment and terminated Lucky's easement. The court indicated that there was ambiguity in the agreement, but stated that it had "a clear memory in this case" and, in making its decision, had relied upon its recollection of the previous trial. In making his ruling, the judge stated:

It is my direct impression that the purpose of the lawsuit with respect to the area was for a reservoir and dike. That's my view. I believe that the purpose of the settlement, the purpose of the order and judgment of the Court, the purpose of resolving all of the law suit, was to maintain a reservoir and dike use. That's not done. Motion granted.

Lucky appeals the court's entry of summary judgment, claiming that the court erroneously relied on its own pre-stipulation recollection of the facts and claims the stipulation and court order clearly grant an easement for the use of the property for agricultural purposes. Lucky further claims that, if the language is ambiguous, the court erred in granting Clark's motion for summary judgment because there was a clear factual dispute as to the intent of the parties and Lucky's intent to abandon the easement.

## STANDARD OF REVIEW

■ In reviewing a summary judgment, we apply the analytical standard required of the trial court. *Oberhansly v. Sprouse,* 751 P.2d 1155, 1156 (Utah Cr. App.1988). We liberally construe the facts and view the evidence in a light most favorable to the party opposing the motion. *Id.* Moreover, because a summary judgment is granted as a matter of law rather than fact, we are free to reappraise the trial court's legal conclusion. *Atlas Corp. v. Clovis Nat'l Bank,* 737 P.2d 225, 229 (Utah 1987); *Oberhansly,* 751 P.2d at 1156; *K.O. v. Denison,* 748 P.2d 588, 590 (Utah Ct. App.1988). After reviewing the facts in the light most favorable to appellant, if we conclude there is a dispute as to a material issue of fact, we must reverse the trial court's determination and remand for trial on that issue. *Atlas,* 737 P.2d at 229; *Denison,* 748 P.2d at 590. It is inappropriate for courts to weigh disputed material facts in ruling on a summary judgment. *Spor v. Crested Butte Silver Mining, Inc.,* 740 P.2d 1304, 1308 (Utah 1987); *W.M. Barnes Co. v. Sohio Natural Resources Co.,* 627 P.2d 56, 59 (Utah 1981); *Oberhansly,* 751 P.2d at 1156. It matters not that the evidence on one side may appear to be strong or even compelling. *Spor,* 740 P.2d at 1308; *Oberhansly,* 751 P.2d at 1156. One sworn statement under oath is all that is needed to dispute the averments on the other side of the controversy and create an issue of fact, precluding the entry of summary judgment. *W.M. Barnes,* 627 P.2d at 59; *Holbrook Co. v. Adams,* 542 P.2d 191, 193 (Utah 1975).

## ORDER GRANTING EASEMENT

■ After an independent review, in a light most favorable to Lucky, we cannot conclude, as a matter of law, that the language of the stipulated court order granting the easement clearly and unambiguously requires that the dike and reservoir be preserved and the area used for irrigation purposes. The determinative paragraphs of the stipulation and order are paragraphs 3 and 6 which provide with our emphasis:

3. Plaintiff Lucky Seven Rodeo Corporation and its successors and assigns (hereinafter "Plaintiff") shall have an exclusive and perpetual easement *to use, maintain and operate the reservoir and dyke are[a]* which are described in paragraph 2 above for irrigation, stock watering, *corralling of animals and agricultural purposes,* together with the obligation that plaintiff shall maintain the fences enclosing the area hereinabove described.

.    .    .    .    .

6. In the event the reservoir and Dyke [sic] area described in paragraph 2 above were to fall into non-use for a period of Ten (10) consecutive years, the easement granted in paragraph 3 above would expire automatically without notice.

The stipulation and order create an easement to use, maintain and operate the reservoir and dike area for irrigation, stock watering, corralling of animals and agricultural purposes. The language creates an easement which terminates only if the property falls into non-use, for a period of 10 consecutive years. For the trial court's entry of summary judgment to be correct, this court must read the stipulation as unambiguously providing that *all uses* of the

easement must continue or the easement is terminated or that the failure of Lucky to maintain the reservoir and dike located on the land terminated the easement. We agree with the trial court that this order is ambiguous. It is ambiguous as to what is meant by "maintain" and whether the uses of the easement are alternative. This is further confused by the language that, in any event, any non-use must continue for 10 years before the easement expires.

## AMBIGUITY OF SETTLEMENT ORDER

An ambiguous judgment is subject to construction according to the rules that apply to all written contracts. *Park City Utah Corp. v. Ensign Co.,* 586 P.2d 446, 450 (Utah 1978). If the judgment is ambiguous, and if there are disputed issues of fact as to what the parties intended, summary judgment is inappropriate. *Faulkner v. Farnsworth,* 665 P.2d 1292, 1293 (Utah 1983); *Amjacs Interwest Inc. v. Design Assoc.,* 635 P.2d 53, 55 (Utah 1981).[1] Extrinsic evidence as to the intent of the parties must be received and considered in an effort to glean what the parties actually agreed to. *Wilburn v. Interstate Elec.,* 748 P.2d 582, 585 (Utah Ct.App.1988).

In the instant case, the facts as to what the parties intended are vigorously disputed. There was competent evidence before the court that the parties intended alternative uses for the dike and reservoir area and that the reservoir was not required to be preserved. Lucky's president filed a sworn affidavit stating that he understood the stipulated order to provide alternative uses for the property and that the water pipe line installed eliminated the need for a reservoir. Clark filed a conflicting affidavit stating the removal of the dike and reservoir destroyed the intended purpose of the easement. Thus, summary judgment is inappropriate and the trial court must hold an evidentiary hearing to determine the scope and purpose of the easement.

---

**1.** The trial judge seemed to rely on his independent recollection of the pre-settlement hearing to interpret the ambiguity in the settlement or-

## ABANDONMENT

The trial court determined that Lucky abandoned the easement by its removal of the dike and reservoir. Abandonment means the intentional relinquishment of one's rights in the contract; and in order to nullify such rights, there must be a clear and unequivocal showing of such abandonment. *Timpanogos Highlands, Inc. v. Harper,* 544 P.2d 481, 484 (Utah 1975). When there is dispute as to whether abandonment has occurred, it is usually a question of fact to be determined from all the facts and circumstances of the particular case, including the expressions of intent and other actions of the parties. *Id.; Thermo–Kinetic Corp. v. Allen,* 16 Ariz.App. 341, 493 P.2d 508, 512 (1972).

Based on the record before us, we cannot say what the intended purpose of the easement was, and thus cannot find, as a matter of law, that Lucky's removal of the dike and reservoir resulted in an abandonment of the easement, particularly in light of the 10 year non-use provision delineated for termination of the easement.

We reverse the judgment of the trial court and remand for a hearing in conformance with our opinion.

BENCH and JACKSON, JJ., concur.

---

der. This is clearly inappropriate. *See Carr v. Bradshaw Chevrolet Co.,* 23 Utah 2d 415, 464 P.2d 580, 581 (1970).